**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Dwayne Hearns</u>

    v.                                        Civil No. 05-cv-413-SM

<u>Warden, New Hampshire State Prison</u>

**<u>O R D E R</u>**

Pro se petitioner Dwayne Hearns requests this Court to lift the stay of proceedings and review his habeas corpus petition filed pursuant to 28 U.S.C. § 2254 (document nos. 1 and 11).  <u>See</u> Rule 4 of the Rules Governing § 2254 Proceedings (requiring initial review to determine whether petition is facially valid and may be served); <u>see</u> <u>also</u> United States District Court for the District of New Hampshire Local Rules 4.3(d)(authorizing the magistrate judge to preliminarily review <u>pro</u> <u>se</u> pleadings).

By order of December 20, 2005, I ordered the proceedings stayed and the petition held in abeyance, thereby affording Hearns an opportunity to exhaust state court remedies as to Ground Four of the petition.  Ground Four challenges the constitutionality of the consecutive sentences imposed upon Hearns.  He now has filed a submission (document no. 11),

requesting this Court to lift the stay on the basis that he has demonstrated exhaustion of Ground Four.

While the record reveals that Hearns filed an appeal with the New Hampshire Supreme Court ("NHSC") in which he challenged the constitutionality of his consecutive sentences, there is no indication that the NHSC reviewed his appeal. To the contrary, the record indicates, and Hearns concedes, that the NHSC deferred ruling upon his appeal pending the court's decision in Duquette v. Warden, NH State Prison., No. 2006-079, 2007 WL 120602 (N.H. Jan. 19, 2007). Although Hearns filed an amicus curiae brief in Duquette and raised the issue of consecutive sentencing, he did not present the factual basis of his claim. Thus, his presentation of the issue before the NHSC by amicus curiae does not satisfy the exhaustion requirement. See Rosa v. McCray, 396 F.3d 210, 217 (2d Cir. 2005)(holding that a petitioner satisfies the fair presentation aspect of the exhaustion requirement by presenting the essential factual and legal premises of his federal constitutional claim to the state's highest court). See also Granger v. Hurt, No. 05-3275, 2007 WL 419637 at *5 (6th Cir. Feb. 8, 2007)(unpublished)(in order for a claim to be exhausted, the state appellate court must be given the opportunity to rule

on both the factual and legal basis of the claim).

Accordingly, the proceedings shall be stayed and the petition held in abeyance pending complete exhaustion of state remedies.  The stay will be issued under the following two conditions:

> 1.  Hearns is ordered to contact this Court every 90 days, beginning from the date of entry of this Order, and inform this Court of the status and pendency of his state court proceedings and the disposition of any appeal or related matter.
>
> 2.  Within 30 days following any ruling and/or notification by the New Hampshire Supreme Court on the claim at issue, and the exhaustion of such claim, Hearns must notify this Court of the ruling and submit any additional briefs or other pleadings filed in the state court proceedings; he must also file a request with this Court, stating that his state court matter has been disposed of and that he wishes to terminate the stay and have this Court further consider his petition.

Failure to comply with either condition may result in dismissal of the petition without prejudice.

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date: March 27, 2007

cc:   Dwayne Hearns, pro se