UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Dwayne Hearns

    v.                                            Civil No. 05-cv-413-SM

Warden, New Hampshire State Prison

**O R D E R**

Pursuant to 28 U.S.C. § 2254, Dwayne Hearns has filed a petition for a writ of habeas corpus and supporting documents challenging the constitutionality of his state court conviction and confinement (document nos. 1, 11 and 13). See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule") (requiring initial review to determine whether the petition is facially valid). As discussed below, I find that Hearns has sufficiently demonstrated the facial validity of his petition to allow it to proceed at this time.

Background

Convicted on October 24, 2002 by the New Hampshire Superior Court (Merrimack County) of four counts of aggravated felonious sexual assault and two counts of sexual assault, Hearns was sentenced to a term of imprisonment. He is currently incarcerated at the New Hampshire State Prison ("NHSP").

Following his conviction, Hearns filed a direct appeal with the New Hampshire Supreme Court ("NHSC").  The NHSC affirmed his conviction on July 15, 2004.  See State v. Hearns, 151 N.H. 226, 855 A.2d 549 (2004).  On August 5, 2005, Hearns filed a discretionary appeal with the NHSC in which he raised the following claims under state and federal law:

1. prosecutorial misconduct whereby the prosecution improperly vouched for witness credibility and truth of testimony, made misrepresentations to the jury, appealed to the emotions of the jurors, used excluded evidence and shifted the burden of proof to the defendant;

2. abuse of discretion whereby the trial court required Hearns to choose between his right to a speedy trial and his right to introduce exculpatory evidence; and

3. ineffective assistance of trial counsel.

The NHSC declined his appeal without opinion on October 28, 2005.

Hearns filed the instant federal habeas corpus petition on November 21, 2006.  Construed liberally, the petition raises the following four grounds for relief and cites to both state and federal law in support of each claim:

1. prosecutorial misconduct whereby the prosecution improperly vouched for witness credibility and truth of

>    testimony, made misrepresentations to
>    the jury, appealed to the emotions of
>    the jurors, used excluded evidence and
>    shifted the burden of proof to the
>    defendant (Ground 1);
>
> 2. abuse of discretion whereby the trial
>    court required Hearns to choose between
>    his right to a speedy trial and his
>    right to introduce exculpatory evidence
>    (Ground 2);
>
> 3. ineffective assistance of trial counsel
>    (Ground 3); and
>
> 4. denial of due process when consecutive
>    sentences were imposed without fair
>    notice and where the consecutive
>    sentences were not authorized under New
>    Hampshire law (Ground Four).

Given that Hearns's federal petition failed to demonstrate exhaustion of Ground Four, this Court stayed the proceedings and held the petition in abeyance to afford him an opportunity to exhaust state remedies with regard to that claim.

Hearns then filed a second discretionary appeal with the NHSC in which he raised the following claim:

> 1. imposition of consecutive sentences under New
>    Hampshire law violates federal law where:
>
>    (a) the sentencing court lacked
>    authority to impose consecutive
>    sentences;
>
>    (b) Hearns was denied fair notice
>    regarding the risk of imposition of
>    consecutive sentences, in violation

>           of his right to due process;
>
>           (c)  imposition of consecutive
>           sentences violates the
>           constitutional separation of
>           powers;
>
>           (d)  the consecutive sentences
>           imposed upon Hearns were
>           disproportionate to the sentences
>           authorized by New Hampshire
>           statute; and
>
>           (e)  lacking a statute specifying
>           how multiple sentences may be
>           imposed, the New Hampshire Criminal
>           Code should be construed in a
>           defendant's favor, as required by
>           the rule of lenity.[1]

The NHSC declined his appeal without opinion on April 13, 2007. Having requested this Court to lift the stay of proceedings, Hearns now seeks preliminary review his federal petition.

## Standard of Review

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8,

---

[1] Defining the rule, the First Circuit has held that "[i]n a criminal case, the rule of lenity requires a court to resolve true statutory uncertainty in the accused's favor." United States v. Ahlers, 305 F.3d 54, 62 (1st Cir. 2002).  The rule, however, is one of statutory interpretation.  See Sabetti v. DiPaolo, 16 F.3d 16, 19 (1st Cir. 1994).  Thus, federal courts lack the power to apply the rule of lenity to a state statute, except to serve constitutional interests.  See Sabetti, 16 F.3d at 19; accord Lurie v. Wittner, 228 F.3d 113, 125-26 (2d Cir. 2000).

15 (1st Cir. 1990)(following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, <u>see</u> <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996)(explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  <u>See</u> <u>Eveland v. Director of CIA</u>, 843 F.2d 46, 49 (1st Cir. 1988).

<u>Discussion</u>

I.  <u>Custody and Exhaustion</u>

To be eligible for habeas relief, Hearns must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see also</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the NHSP and thus is in custody.  For the reasons stated below, he also satisfies the exhaustion requirement as to the four grounds raised in his federal petition.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the

petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Hearns raises four grounds for federal habeas corpus relief, as identified above.  The four grounds are identical to the claims raised by Hearns in his two discretionary appeals that were presented to the NHSC for review. While he could have presented his federal constitutional issues in a more direct and precise manner, his discretionary appeals

6

were minimally sufficient to apprise the NHSC of the federal constitutional dimension of his claims.  I therefore find that the four claims presented here, including the federal nature of the claims, have been properly exhausted in the state courts to allow Hearns' federal habeas corpus action to proceed at this time.

## Conclusion

Accordingly, I direct that Hearns's petition be served on the respondent.  See Habeas Rule 4.  The respondent shall file an answer or other pleading in response to the allegations made therein.  See id. (requiring reviewing judge to order a response to the petition).  The Clerk's Office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this Order and the habeas petition (document no. 1, 11 and 13).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of Habeas Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See Habeas Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires

that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

   **SO ORDERED.**

                              _____
                              James R. Muirhead
                              United States Magistrate Judge

Date: May 2, 2007

cc:    Dwayne Hearns, pro se